# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2013 WY 22

*October Term, A.D. 2012*

*February 21, 2013*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

RICHARD GRANT SCHNEEBECK,
WSB #5-2395,

Respondent.

D-13-0002

## ORDER OF DISBARMENT

[¶1]   **This matter** came before the Court upon a "Report and Recommendation for Disbarment," filed herein January 9, 2013 by the Board of Professional Responsibility for the Wyoming State Bar.  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court.  It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Disbarment, a copy of which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that, effective this date, the Respondent, Richard Grant Schneebeck, shall be, and hereby is, disbarred from the practice of law in this state; and it is further

[¶4]   **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Richard Grant Schneebeck shall reimburse the Wyoming State Bar

the amount of $50.00, representing the costs incurred in handling this matter, as well as pay an administrative fee of $500.00. Respondent shall pay the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before April 1, 2013; and it is further

[¶5]   **ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, Richard Grant Schneebeck shall make restitution of $10,077.23 to his former law firm; and it is further

[¶6]   **ORDERED** that Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar. That Section governs the duties of disbarred and suspended attorneys; and it is further

[¶7]   **ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order of Disbarment, along with the incorporated Report and Recommendation for Disbarment, shall be published in the Pacific Reporter; and it is further

[¶8]   **ORDERED** that the Clerk of this Court shall docket this Order of Disbarment, along with the Report and Recommendation for Disbarment, as a matter coming regularly before this Court as a public record; and it is further

[¶9]   **ORDERED** that the Clerk of this Court cause a copy of the Order of Disbarment to be served upon the Respondent, Richard Grant Schneebeck; and it is further

[¶10]  **ORDERED** that the Clerk of this Court transmit a copy of this Order of Disbarment to members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

[¶11]  **DATED** this 21st day of February, 2013.

BY THE COURT:

/s/

**MARILYN S. KITE**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JAN - 9 2013

CAROL THOMPSON, CLERK
by CHIEF DEPUTY

BEFORE THE SUPREME COURT

OF THE STATE OF WYOMING

In the matter of             )
RICHARD GRANT SCHNEEBECK,  )    D-13-0002
WSB # 5-2395,            )        WSB No. 2012-141
                  )
Respondent.          )

## REPORT AND RECOMMENDATION FOR DISBARMENT

THIS MATTER having come before the Board of Professional Responsibility pursuant to Bar Counsel's stipulated motion for disbarment of Respondent, and the Board having reviewed the stipulated motion, the affidavit of Respondent in support thereof, and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS:

### FINDINGS OF FACT

1.    Respondent has been licensed to practice law in the State of Wyoming since 1986, and has practiced in Cheyenne, Wyoming. At the time of the events which gave rise to this disciplinary action, Respondent was a partner in a law firm located in Cheyenne.

2.    During 2011 and 2012, Respondent improperly charged personal expenses for airfare, hotels, rental cars, meals and other travel-related expenses to the firm, representing that such expenses related to cases upon which Respondent was working for clients or for client development purposes. The total of such expenses was $10,077.33, of which $4,520.13 was improperly billed to clients.

3.    In 2011 Respondent's partners became suspicious and asked Respondent about questionable expenses related to a business development trip. Respondent denied any wrongdoing. In 2012, Respondent's partners became suspicious about additional expenses, and again

questioned Respondent about questionable expenses. Respondent again denied any wrongdoing, and on October 10, 2012, resigned from the firm.

4. Respondent is extremely remorseful about his actions, which he concedes are inexcusable.

5. Respondent agrees that his conduct as set forth above violated the following rules of the Wyoming Rules of Professional Conduct:

        a. Rule 1.5(a), which provides in relevant part, "A lawyer shall not … charge or collect … an unreasonable amount for expenses."

        b. Rule 4.2, which provides in relevant part, "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact … to a third person."

        c. Rule 8.4(c), which provides, "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

6. Respondent agrees that disbarment is the appropriate sanction for his conduct, and stipulates to the terms and conditions set forth in the Board's recommendation below.

## CONCLUSIONS OF LAW

Standard 2.2 of the ABA Standards for Imposing Lawyer Sanctions states, "Disbarment terminates the individual's status as a lawyer." Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

(a) the duty violated;
(b) the lawyer's mental state; and
(c) the actual or potential injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.

2

Misconduct of the sort engaged in by Respondent is addressed in Section 5.0, "Violations of Duties Owed to the Public." Standard 5.1, "Failure to Maintain Personal Integrity," provides, in relevant part:

> 5.11 Disbarment is generally appropriate when:
> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft * * *; or
> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

## 9.1 *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

## 9.2 *Aggravation*

> 9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
>
> 9.22 *Factors which may be considered in aggravation.* Aggravating factors include:
> (a) prior disciplinary offenses;
> (b) dishonest or selfish motive;
> (c) a pattern of misconduct;
> (d) multiple offenses;
> (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
> (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
> (g) refusal to acknowledge wrongful nature of conduct;
> (h) vulnerability of the victim;
> (i) substantial experience in the practice of law;
> (j) indifference in making restitution; and
> (k) illegal conduct, including that involving the use of controlled substances.

3

9.3     *Mitigation.*

9.31        *Definition.*  Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32        *Factors which may be considered in mitigation.*  Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;
(2) the chemical dependency or mental disability caused the misconduct;
(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse; and
(m) remoteness of prior offenses.

9.4     *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:
(a) forced or compelled restitution;
(b) agreeing to the client's demand for certain improper behavior or result;
(c) withdrawal of complaint against the lawyer;
(d) resignation prior to completion of disciplinary proceedings;
(e) complainant's recommendation as to sanction; and
(f) failure of injured client to complain.

In this case, the applicable aggravating factors are:

i.      Section 9.22(b)-dishonest or selfish motive.
ii.     Section 9.22(c)-a pattern of misconduct.
iii.    Section 9.22(d)-multiple offenses.
iv.     Section 9.22(i)- substantial experience in the practice of law. Respondent was first admitted to practice in Wyoming in 1986.

The applicable mitigating factors are:

i.      Section 9.32(a)-absence of a prior disciplinary record.
ii.     Section 9.32(e)-full and free disclosure to disciplinary board or cooperative attitude toward proceedings.
iii.    Reputation.
iv.     Remorse.

## RECOMMENDATION

Based upon the foregoing findings of fact and conclusions of law, the Board of Professional Responsibility of the Wyoming State Bar recommends that the Wyoming Supreme Court issue an order for Respondent's disbarment, and order that Respondent pay restitution to the his former law firm in the amount of $10,077.23, along with an administrative fee of $500.00 and costs of $50.00 to be paid to the Wyoming State Bar.

Dated January __8__, 2013.

Jenifer E. Scoggin, Chair
Board of Professional Responsibility
Wyoming State Bar

5

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was served upon Respondent this _9th_ day of January, 2013, by United States mail, first class postage prepaid and correctly addressed as follows:

Richard Grant Schneebeck
8204 Powderhouse Road
Cheyenne, WY 82009